ARLEO LAW FIRM, PLC
ELIZABETH J. ARLEO (CASB No. 201730)
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
Telephone: 858/674-6912
760/789-8081

Attorneys for Plaintiff James Linlor

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LINLOR, an individual<br><br>Plaintiff,<br><br>vs.<br><br>MANASSEH JORDAN MINISTRIES a/k/a YAKKIM MANASSEH JORDAN a/k/a/ PROPHET MANASSEH JORDAN<br><br>Defendant. | Case No.: **'15CV0032 CAB BGS**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This is an action brought by James Linlor ("Plaintiff") to redress repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA") by Defendant Manasseh Jordan Ministries a/k/a Yakkim Manasseh Jordan a/k/a/ Prophet Manasseh Jordan ("Defendant").

2. The TCPA was enacted to protect individuals against harassment, annoyance and loss from abusive use of automated telephone dialing systems. In or about March 2014, Plaintiff began receiving calls to and recorded messages left on Plaintiff's cellular telephone from the Defendant. The voice recordings attempt to solicit Plaintiff to the Defendant's prophetic ministry.   To date, Plaintiff has received 98 calls on his cellular telephone from Defendant.

COMPLAINT AND JURY TRIAL DEMAND – Linlor v. The Manasseh Jordan Ministries   - 1

3. During at least 27 of these calls, Defendant left artificial or prerecorded voice messages on Plaintiff's cellular telephone.

4. Plaintiff has consistently received, and continues to receive, calls on his cellular telephone from Defendant with these artificial or prerecorded voice messages.

5. Plaintiff has never had any sort of relationship or interaction with the Defendant nor has Plaintiff ever consented, in any manner, to the receipt of these telephone calls or the artificial or prerecorded voice messages left by the Defendant.

6. The persistent nuisance of Defendant's telephone calls constitutes an unlawful invasion of Plaintiff's privacy.

**PARTIES**

7. Plaintiff James Linlor was and is a natural person residing in the County of San Diego, State of California.

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153 (39).

9. Defendant Manasseh Jordan Ministries a/k/a Yakim Manasseh Jordan a/k/a Prophet Manasseh Jordan a/k/a ("Defendant"), is an individual, partnership, association, joint-stock company, trust, or corporation with a mailing address of P.O. Box 3320, New York, NY 10163 and is therefore a "person" as defined by 47 U.S.C. § 153(39). At all times relevant herein, Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.

**JURISDICTION AND VENUE**

10. Federal jurisdiction is present in this action is brought under the TCPA, 47 U.S.C. § 227 *et seq*.

11. This Court has jurisdiction over the Defendant named herein because Defendant is either a corporation or limited liability company, organized and existing under the laws of the State of California, a corporation or limited liability company that does sufficient business in California, or is a person who has sufficient minimum contacts with California to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

12. Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. §1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; (iii) Defendant conducted and continues to conduct substantial business in the County of San Diego, State of California; and (iv) Defendant is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

13. In or about March 2014, Defendant began calling Plaintiff's cellular telephone number, 760-500-XXXX, using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A)(iii), directly to Plaintiff's cellular phone.

14. Defendant's phone calls were made using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1). The automatic telephone dialing system has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

15. When Plaintiff answered the calls from Defendant, he heard a prerecorded message promising to deliver a prophetic message in exchange for a "seed-faith" donation from Plaintiff.

16. Plaintiff has never had any sort of relationship with the Defendant, be it business or otherwise. Plaintiff has never had any prior contacts with the Defendant.

17. Plaintiff has never requested by written agreement or otherwise that he be contacted by Defendant.

18. Plaintiff has never provided his cellular telephone number to Defendant and never provided his consent to Defendant to be contacted on his cellular telephone.

19. Plaintiff is unaware of how Defendant obtained his cellular telephone number.

20. Defendant obtained Plaintiff's telephone number without Plaintiff's knowledge or consent.

21. The prerecorded telephone calls to Plaintiff's cellular phone attempt to solicit Plaintiff to Defendant's prophetic ministry. Plaintiff has never had any affiliation with a prophetic ministry.

22. The messages from Defendant were for marketing and soliciting purposes only.

23. Since the initial phone call in or about March 2014, Defendant has repeatedly called Plaintiff's cellular telephone for non-emergency purposes which is prohibited by 47 U.S.C. § 227(b)(1)(A)(iii).

24. To date, Plaintiff has received 98 calls on his cellular phone from Defendant.  During at least 27 of these calls, Defendant left artificial or prerecorded voice messages on Plaintiff's cellular telephone.

25. As of the filing of this complaint, Defendant continues to call Plaintiff's cellular telephone leaving artificial or prerecorded voice messages.

26. The calls from Defendant using any automatic telephone dialing system and/or an artificial or prerecorded voice to Plaintiff's cellular telephone were not placed for emergency purposes or made with the prior express consent of Plaintiff as allowed by 47 U.S.C. §227(b)(1)(A).

27. Plaintiff has never provided his express consent to receive any calls from Defendant to Plaintiff's cellular telephone.

28. Plaintiff has received at least 98 calls since the first call was made in or about March 2014. During at least 27 of these calls, Defendant left artificial or prerecorded voice messages on Plaintiff's cellular telephone.

## CAUSE OF ACTION

### Violations of the Telephone Consumer Protection Act: 47 U.S.C. § 227 *et seq.*

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein.

30. Without prior express consent, Defendant contacted Plaintiff on his cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice, in violation of 47 U.S.C. §227(b)(1)(A)(iii).

31. Defendant placed these calls knowing that it lacked consent to call Plaintiff.  As such, each called placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and is subject to treble damages pursuant to 47 U.S.C. §227(b)(3)(C).

32. Plaintiff is informed and believes that the violation of 47 U.S.C. § 227(b)(1)(A)(iii) by Defendant was willful and in accordance with defendant's standard business procedures. In the alternative, plaintiff is informed and believes that Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii) were negligent.

33. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant:

1. Statutory damages in the amount of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. §227(b)(3)(C);

3. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A) and prospective injunctive relief on behalf of the general public requiring Defendant to comply with the above cited provisions of the TCPA;

4. Attorney's fees and costs pursuant to California Code of Civil Procedure § 1021.5; and

5. Such other and further relief as may be just and proper.

Dated: January 7, 2015        Respectfully Submitted,

ARLEO LAW FIRM, PLC

*/s/Elizabeth J. Arleo*
ELIZABETH J. ARLEO

16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
Tele: 858-674-6912
Fax: 760-789-8081

Attorneys for Plaintiff James Linlor

### **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

Dated: January 7, 2015        ARLEO LAW FIRM, PLC

*/s/Elizabeth J. Arleo*
ELIZABETH J. ARLEO

16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
Tele: 858-674-6912
Fax: 760-789-8081

Attorneys for Plaintiff James Linlor